IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CESAR PEREZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-4467-M-BK |
| § | |
| CAROLYN COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

This case has been referred to the undersigned for Findings, Conclusions, and Recommendation. The Court now considers the parties' cross-motions for summary judgment. For the reasons that follow, it is recommended that Plaintiff's *Motion for Summary Judgment* (Doc. 10) be **GRANTED**, Defendant's *Motion for Summary Judgment* (Doc. 12) be **DENIED**, and the Commissioner's decision be **REVERSED AND REMANDED**.

### I. BACKGROUND[1]

**A.    Procedural History**

Plaintiff seeks judicial review of a final decision by the Commissioner denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). In July 2011, Plaintiff filed for DIB, alleging that he became disabled in July 2009 due to back and knee surgeries, arthritis, and depression. Doc. 8-3 at 13; Doc. 8-4 at 16; Doc. 8-7 at 22, 27. His application was denied initially and on reconsideration, but the ALJ issued a partially favorable decision finding that he had become disabled in February 2012. Doc. 8-3 at 25; Doc. 8-5 at 3, 9.

---

[1] The following background comes from the transcript of the administrative proceedings at Doc. 8.

The Appeals Council, however, reopened the decision and found Plaintiff not disabled. Doc. 8-3 at 2-4; Doc. 8-5 at 59-62. Plaintiff now appeals to this Court pursuant to 42 U.S.C. § 405(g).

**B.     Factual Background**

At the time of his alleged onset of disability, Plaintiff was 47 years old. Doc. 8-6 at 2. He graduated from high school, had taken some college courses, and had past work experience as an insurance sales agent, welder, and machine operator. Doc. 8-3 at 37-38, 67; Doc 8-7 at 5. He has a history of lower back pain dating from August 2006, following a work injury. Doc. 8-8 at 6. In January 2010, Plaintiff was evaluated by a pain specialist, Dr. Scott Berlin, who diagnosed him with lumbar postlaminectomy syndrome and lumbosacral radiculitis. Doc. 8-11 at 107, 109. Plaintiff also has a history of severe depression dating back to 2006. Doc. 8-12 at 16-17. In early 2011, Plaintiff started mental health treatment and began taking anti-depressant medication, but he was still noted to be depressed in July 2012. Doc. 8-12 at 5, 50-54.

**C.     The ALJ's Findings**

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Doc. 8-3 at 16. At step two, the ALJ determined that Plaintiff's severe impairments included status post two-level lumbar fusion, chronic back pain, status post left knee arthroscopy with early arthritis in the knees, and depression. Doc. 8-3 at 16-17. At step three, the ALJ found that none of Plaintiff's impairments met or equaled a listed impairment. Doc. 8-3 at 17. The ALJ noted that Plaintiff's depression resulted in moderate difficulties in maintaining concentration, persistence, or pace and determined that Plaintiff retained the limited residual functional capacity ("RFC") for sedentary work limited to simple job tasks. Doc. 8-3 at 19. Applying this RFC finding at step four, the ALJ determined that Plaintiff could not perform his past work. Doc. 8-3 at 23. At step


five, the ALJ found Plaintiff capable of performing other work in the national economy prior to his change in age category, but utilizing Medical-Vocational Rule 201.14, found Plaintiff disabled as of his 50th birthday on February 14, 2012.  Doc. 8-3 at 23-25.

**D.    Post-Ruling Proceedings**

Plaintiff did not appeal the ALJ's decision to the Appeals Council.  However, in April 2013, the Associate Commissioner for the Office of Central Operations for the Social Security Administration sent a memorandum to the Appeals Council requesting that the ALJ's decision be reopened.  Doc. 8-5 at 57-58.  Specifically, the Associate Commissioner noted that Plaintiff's date last insured for purposes of DIB was December 30, 2011, which was prior to the disability onset date of February 14, 2012 that the ALJ had found.  Doc. 8-5 at 57-58.

The Appeals Council thus reopened the ALJ's decision.  Doc. 8-5 at 59-60.  Plaintiff argued that the Appeals Council should find him disabled as of August 2011, six months prior to his 50th birthday, because he was in a "borderline" age situation and should be placed in the higher "advanced age" category.  Doc. 8-7 at 104-06.  The Appeals Council concluded that it could not assign Plaintiff to the higher age category because he had "no non-exertional limitations restricting him to simple job tasks."  Doc. 8-3 at 5-6.  Thus, the Appeals Council determined that it had to use Plaintiff's chronological age even if there was only a few days' difference until he reached the next age category.  Doc. 8-3 at 6.  The Appeals Council therefore found that Plaintiff was not disabled.

## II.  APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months.  42 U.S.C.

§ 423(d)(1)(A). In order to qualify for a period of disability and DIB, a claimant must prove that his disability began on or before the date his insured status expired. *See* 42 U.S.C. §§ 423(a), (c); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); 20 C.F.R. § 404.131.

The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* If the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

4

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III.   ARGUMENT AND ANALYSIS

Plaintiff argues that the Appeals Council erred in (1) using the lower age category even though his was a "borderline age" situation; and (2) finding that there were no non-exertional limitations that restricted him to simple job tasks. Doc. 11 at 17. Plaintiff asserts that substantial evidence does not support the latter finding because the ALJ found in his RFC assessment that Plaintiff was depressed, which resulted in a moderate impairment in his ability to concentrate and persist in a task such that he was limited to simple work. Doc. 11 at 17, 24; Doc. 13 at 3-4.

Defendant responds that Plaintiff has not demonstrated harmful error warranting a remand because both the ALJ and the Appeals Council declined to find him disabled prior to December 31, 2011, his date last insured. Doc. 12 at 10.

Plaintiff replies that the Appeals Council acknowledged that an impairment which restricted him to simple job tasks would represent an additional vocational adversity allowing him to fall into the older age category. Doc. 13 at 2-3. Plaintiff notes that the ALJ's finding that his depression limits him to simple job tasks established this exact type of vocational adversity, but the Appeals Council overlooked the finding. Doc. 13 at 3. He requests that the Court

remand the case for entry of an award of benefits from August 14, 2011, six months prior to his 50th birthday.  Doc. 13 at 4-5.

The Social Security regulations provide that if a claimant is "closely approaching advanced age (age 50-54), [the Commissioner] will consider that [the claimant's] age along with a severe impairment(s) and limited work experience may seriously affect [the claimant's] ability to adjust to other work." 20 C.F.R. § 404.1563(d).  The regulations further state that the Commissioner "will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.* at (b).  If a claimant is closely approaching advanced age, has a maximum RFC limiting him to sedentary work, has at least a high school degree, and has skills that are not transferable, the Medical-Vocational Guidelines direct a finding that the claimant is disabled. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.14.

The Court of Appeals for the Fifth Circuit has not decided what constitutes a "borderline" age situation.  At least one judge of this Court has found that, as a general rule, a person who is within six months of the next higher age category is considered to be in a borderline situation. *Singleton v. Astrue*, No. 11-cv-2232-BN, 2013 WL 460066, *8 (N.D. Tex. 2013) (Horan, M.J.). Similarly, several other courts have found that an individual is closely approaching the next age category if they are within six months of the next age range at the time the ALJ renders his decision.  See *Cox v. Apfel*, No. 98-7039, 1998 WL 864118, *4 (10th Cir. 1998) (because plaintiff was within six months of the next age category when the decision was issued, the ALJ erred by not addressing whether plaintiff was of borderline age); *Damian v. Barnhart*, No. 06-

6

1132-JTM, 2007 WL 1223912, *4 (D. Kan. 2007) (because the claimant was within six months of the next age category at the time the ALJ issued his decision, the ALJ was required to consider whether the claimant fell into a borderline age situation); *Pickard v. Comm'r of Soc. Sec.*, 224 F.Supp.2d 1161, 1168-69 (W.D. Tenn. 2002) (noting that courts generally have concluded that "the borderline range falls somewhere around six months from the older age category"); *Smith v. Barnhart*, No. 00 C 2643, 2002 WL 126107, at 24 (N.D. Ill. 2002) (observing that the cases tend to treat claimants who are within six months of the next age category as borderline); *Russell v. Comm'r of Soc. Sec.*, 20 F.Supp.2d 1133, 1135 (W.D. Mich. 1998) (noting that the Appeals Council has stated that "[g]enerally, establishing an onset date up to six months prior to attainment of the specified age would be reasonable, indicating that it appears the Appeals Council believes there is a six month window in which a claimant's situation is 'borderline.'"); *Roush v. Heckler*, 632 F.Supp. 710, 711-12 (S.D. Ohio 1984) (finding six months to be a borderline situation); *see also Manning v. Colvin*, No. 13-cv-2178-D, 2014 WL 266417, *5 n.5 (N.D. Tex. 2014) (Fitzwater, C.J.) (observing that a "growing number of courts . . . appear to hold that a claimant within six months of an older age category presents a borderline age situation."). The decision to place someone whose age approaches another category into the higher category is within the ALJ's discretion, and that decision is accorded considerable deference. *Underwood v. Bowen*, 828 F.2d 1081, 1082-83 (5th Cir. 1987).

According to the Commissioner's Hearings, Appeals, and Litigation Law Manual ("HALLEX"), to identify borderline age situations when making disability determinations, adjudicators will apply a two-part test: (1) determine whether the claimant's age is within a few days or a few months of a higher age category; (2) if so, determine whether using the higher age category would result in a decision of "disabled" instead of "not disabled." If the answer to one

or both is "no," a borderline age situation either does not exist or would not affect the outcome, and the adjudicator will then use the claimant's chronological age. HALLEX § II-5-3-2, 2003 WL 25498826. If the answer to both is "yes," a borderline age situation exists and the adjudicator must decide whether it is more appropriate to use the higher age or the chronological age. *Id.*

The claimant must show progressively more "vocational adversities" to support use of the higher age category as the time period between the claimant's actual age and his attainment of the next higher age category lengthens. *Id.* Examples of vocational adversities are the presence of an additional impairment which infringes upon a claimant's remaining occupational base. *Id.* Absent a showing of any additional adversities justifying use of the higher age category, the adjudicator will use the claimant's chronological age even when the time period to the next higher category is only a few days. *Id.*

In this case, Plaintiff was 49 years, ten months, and 17 days old on December 31, 2011, which is the date he was last insured for purposes of DIB.[1] Plaintiff suggests that he came to be in a borderline age situation six months prior to his date last insured, i.e., August 12, 2011, when he was within six months of turning 50. Doc. 11 at 20. Moreover, the Appeals Council seems to acknowledge that Plaintiff's case involved a borderline age situation. Doc. 8-3 at 6. However, the Appeals Council erroneously concluded that it did not have the discretion to utilize the higher "approaching advanced age" category in assessing Plaintiff's eligibility for DIB based on its inaccurate finding that he had no non-exertional limitations that restricted him to simple job tasks. Doc. 8-3 at 5-6. Framed another way, it appears that the Appeals Council mistakenly

---

[1] He was 16 days from turning 50 on the date of the ALJ's decision although that date is not critical because he was no longer insured at that point. *See Manning*, 2014 WL 266417, *5 n.5 (noting that in determining a claimant's age for the purposes of a disability determination, the ALJ must consider either the date last insured or the date of the decision, whichever is earliest) (citing cases).

found it had to use Plaintiff's chronological age category because he had no additional vocational adversity justifying use of the higher age category.  HALLEX § II-5-3-2, 2003 WL 25498826. The Appeals Council was incorrect on that point, however, because the ALJ found that Plaintiff was limited to simple job tasks apparently due to his moderate difficulty in maintaining concentration, persistence, and pace.  Doc. 8-3 at 19; Doc. 8-3 at 71.  This was a non-exertional limitation and thus constituted a vocational adversity that the Appeals Council should have considered in determining whether Plaintiff should be categorized in the higher age range.  *Cf.* 20 C.F.R. 404.1569a (defining non-exertional limitations as those that affect a claimant's ability to meet the demands of jobs other than strength demands, such as difficulty maintaining attention and concentrating) *with* SSA's *Program Operations Manual System* DI 25015.005(D)(2), https://secure.ssa.gov/poms.nsf/lnx/0425015005 (last visited Sept. 30, 2014) (providing, as an example of a vocational adversity, a claimant's inability to maintain attention and concentration for extended periods).

    If the Appeals Council had considered the evidence of Plaintiff's limitation to simple job tasks, it might have found that he should be moved up into the next age category.  Using that "approaching advanced age" category would have directed a finding under Medical-Vocational Guideline 201.14, that Plaintiff was "disabled" given his RFC for sedentary work, his high school education, and his inability to transfer his skills from previous work experience. Accordingly, the Appeals Council's error was not harmless.

    The only remaining issue left to decide is whether to reverse and remand for further proceedings or for an award of benefits as Plaintiff requests.  The fourth sentence of 42 U.S.C. § 405(g) provides that "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This provision gives the district court the authority to remand a case if it determines that the Commissioner incorrectly applied the law or made improper findings of fact. *Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (citing with approval *Jackson v. Chater*, 99 F.3d 1086 (11th Cir. 1996) for the proposition that a sentence four remand requires that the district court find that either the Commissioner's decision is not supported by substantial evidence or the Commissioner incorrectly applied the law).

Here, the Appeals Council made an error of fact. Once that is corrected, it will be within the Council's discretion whether to categorize Plaintiff in the "approaching advanced age" category. *Underwood*, 828 F.2d at 1082-83. This Court cannot weigh the evidence or make its own judgment in assessing whether Plaintiff should be categorized as "approaching advanced age" such that he is entitled to DIB. *Greenspan*, 38 F.3d at 236; *see also Manning*, 2014 WL 266417, *8 (vacating and remanding for further proceedings where it was not clear from the record if the ALJ had considered whether the claimant should be classified in the next higher age category and the application of that category could result in an award of benefits). Accordingly, remand for further proceedings is necessary in this case.

### IV.  CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's *Motion for Summary Judgment* (Doc. 10) be **GRANTED**, Defendant's *Motion for Summary Judgment* (Doc. 12) be

**DENIED**, and the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this recommendation.

**SO RECOMMENDED** on October 8, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

11